UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 15-02498 DSF (MRWx) | Date | August 4, 2015 |
| Title | Robert K. Smith v. Nationstar Mortgage LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (In Chambers) Order GRANTING Defendant Nationstar Mortgage LLC's Motion to Dismiss (Dkt. No. 30)

Plaintiff Robert K. Smith brings ten federal and state law claims against Defendants Nationstar Mortgage LLC ("Nationstar") and Homecomings Financial Network, Inc. ("Homecomings") in connection with his default on a home refinancing loan. (FAC, Dkt. No. 21.) Nationstar, the servicer of the loan, has filed a Motion to Dismiss. (Mot., Dkt. No. 30.) Homecomings, the lender, has not moved to dismiss. The Court deems the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78, Local Rule 7-15. For the reasons stated below, the Court grants the Motion without leave to amend.

## I.  INTRODUCTION

On September 18, 2006, Plaintiff Robert K. Smith executed a deed of trust ("DOT") in favor of Homecomings to secure a $500,000 loan refinancing his home. (FAC ¶ 26; RJN, Ex. 1 at 4.[1]) The DOT listed Mortgage Electronic Registration Systems,

---

[1] The Court grants Nationstar's Request for Judicial Notice with regard to: Exhibit 1, the Deed of Trust ("DOT"); Exhibit 2, the First Notice of Substitution of Trustee; Exhibit 3, the Second Notice of Substitution of Trustee; Exhibit 6, the First DOT Assignment; Exhibit 7, the Second DOT Assignment; Exhibit 8, the Notice of Default; and Exhibit 9, the Notice of Trustee's Sale. These exhibits are public records, the authenticity of which is capable of accurate and ready

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Inc. ("MERS") as the beneficiary. On November 18, 2010, MERS assigned its interest to Aurora Loan Services LLC ("Aurora"). (RJN, Ex. 6.) On August 28, 2012, Aurora assigned its interest to Nationstar. (RJN, Ex. 7.)

Plaintiff asserts that in June 2011, he asked for a modification of his loan, and Aurora promised "to provide a permanent modification after [his] performance of making 3 payments in the amount of $1,752.00 for a total of $5,256.00." (FAC ¶¶ 68-69.) On June 23, 2011, he made all three payments in one lump sum "in hopes of speeding up Aurora's promise of a permanent modification plan." (Id. ¶ 69.) However, Aurora never gave him a permanent loan modification. (Id. ¶ 70.)

Aurora was purchased by Nationstar. Plaintiff contends that Nationstar stated that it "would not honor anything Aurora had promised," that "anything he did with Aurora was null and void," and that he "would have to start all over again with a new application to modify his loan." He also claims that he "was so delinquent in his monthly payments that he was not able to bring himself current," and that Nationstar "refused to assist him with obtaining a permanent loan modification." (Id. ¶¶ 70-71.)

On June 13, 2013, however, Nationstar sent Plaintiff a letter that denied his request for a modification "because [he] did not provide [it] with the documents [it] requested" despite "[t]wo [previous] notices which listed the specific documents [it] needed and the time frames required to provide them." (Yap Decl., Mot., Ex. A, at 1.)[2]

---

determination by sources whose accuracy cannot reasonably be questioned. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); Castaneda v. Saxon Mortg. Servs., Inc., 687 F. Supp. 2d 1191, 1196 (E.D. Cal. 2009).

The Court also grants the Request for Judicial Notice with respect to: Exhibit 4, Plaintiff's second amended complaint in Smith v. Aurora Loan Services LLC et al., Los Angeles County Superior Court Case No. VC060378 ("Prior Action"); Exhibit 5, the notice of ruling in the Prior Action; Exhibit 10, the register of actions in the Prior Action, and Exhibit 11, the notice of entry of dismissal in the Prior Action. These exhibits are proceedings in another court that directly relate to matters at issue. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); Biggs v. Terhune, 334 F.3d 910, 915 n.3 (9th Cir. 2003).

[2] The Court may consider the contents of the letter without converting the Motion to Dismiss into a motion for summary judgment. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (holding that a court may, at the pleading stage, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

On September 26, 2014, Nationstar issued a Notice of Default. (RJN, Ex. 8.) On January 5, 2015, it issued a Notice of Trustee's Sale. (RJN, Ex. 9.) However, Nationstar has allegedly not sold the property, and Plaintiff remains in residence without making payments. (Mot. at 22-23.)[3]

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (ellipsis in original; internal quotation marks omitted). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), and a court is "not bound to accept as true a legal conclusion couched as a factual allegation," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original; citation and internal quotation marks omitted).

---

notice"); Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (holding that the Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."). Plaintiff does not dispute Nationstar's statement that his first claim for violation of the Homeowner Bill of Rights "implicitly references [its] correspondence . . . notifying him that his loan modification application was denied." (Mot. at 15.)

[3] Plaintiff does not dispute these allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not show[n] — that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

## III. ANALYSIS

The majority of Plaintiff's claims arise from his theory that, because of defects in the securitization of his loan and assignments of his DOT, Nationstar lacked authority to collect mortgage payments and institute foreclosure proceedings. He asserts claims for: (1) violation of the California Homeowner Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2920.5(a), 2923.4(a), 2923.55, 2924.17, and 2924(a)(6); (2) negligence; (3) quasi-contract; (4) slander of title; (5) cancellation of instrument; (6) violation of Cal. Civ. Code § 2934(a)(1)(A); (7) violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; (8) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (9) accounting; and (10) fraud. (FAC ¶¶ 101-160.) Every claim suffers from multiple fatal deficiencies.

### A. Fourth, Fifth, Sixth, Eighth, and Tenth Claims: Res Judicata

Portions of the fourth, fifth, sixth, eighth, and tenth claims are barred by res judicata. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal citations omitted). "The application of [res judicata] is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997) (internal citations omitted). "[A] rule precluding parties from the contestation of matters already fully and fairly litigated conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Id. (internal citations omitted).

Res judicata applies where there exists: "(1) an identity of claims, (2) a final

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

judgment on the merits, and (3) identity or privity between the parties." <u>Owens</u>, 244 F.3d at 713 (internal citations omitted). Nationstar has established the last two prongs. First, Plaintiff admits that the FAC asserts claims "against the same parties" as the Prior Action. (Opp., Dkt. No. 32, at 11-12.) Further, the state court dismissed "with prejudice . . . [the] entire action of all parties and all causes of action." (RJN, Ex, 11, at 1.) While Plaintiff cites <u>People v. Sims</u>, 32 Cal. 3d 468, 486 (1982), to argue that the Prior Action "was not based on a final judgment on the merits" because "[o]nly judgments that are free from direct attack are final and may not be relitigated" (Opp. at 12), <u>Sims</u> holds that a decision becomes final once the deadline to petition for review has expired. <u>Id.</u> at 486. The state court entered its judgment on April 2, 2013. (RJN, Ex. 10.) Therefore, the appeal deadline has long passed.

The first prong requires closer review. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." <u>Owens</u>, 244 F.3d at 714 (internal citations omitted). The Prior Action and this action both address the same DOT, the same loan, and the same property. Thus, at the time Plaintiff filed his October 9, 2012 SAC in the Prior Action, he could have addressed numerous events later re-alleged in this action, including the securitization of his DOT on September 18, 2006, its assignment to Aurora on November 18, 2010, the substitution of the trustee on November 18, 2010, the modification negotiated in June 2011, the payments tendered on June 23, 2011, and the assignment to Nationstar on August 28, 2012. However, Plaintiff could not have addressed the issuance of Notices of Default and Trustee's Sale on September 26, 2014 and January 5, 2015.

As a result, the fourth, sixth, and tenth claims are entirely identical to the claims brought in the Prior Action. The fourth claim for slander of title and tenth claim for fraud both challenge the assignments of the DOT (FAC ¶¶ 119, 158), and the sixth claim for violation of Cal. Civ. Code § 2934(a)(1)(A) concerns the substitution of the trustee. (<u>Id.</u> ¶ 130.) Further, the fifth and eighth claims are partially identical to the claims raised in the Prior Action. In addition to attacking the Notices of Default and Trustee's Sale, the fifth claim for cancellation of instrument addresses the assignments of the DOT and the substitution of the trustee. (<u>Id.</u> ¶ 125.) Likewise, the eighth claim for violation of the Unfair Competition Law arises from the execution and recording of the various documents involved in this action. (<u>Id.</u> ¶ 139.) Thus, Nationstar has established all three prongs of res judicata for the entirety of the fourth, sixth, and tenth claims and a portion of the fifth and eighth claims.

Plaintiff argues that he could not have included several of the claims in the Prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Action "due to new law that came into effect on January 1, 2014." Opp. at 12. Plaintiff seemingly refers to the Homeowner's Bill of Rights, which took effect on January 1, 2013. (See FAC ¶ 72.) "Under controlling precedent from the Supreme Court and the Ninth Circuit, the fact that a judgment may have been wrong, or have rested on a since-repudiated legal principle, does not alter the claim preclusive effect of a final judgment." Roche Palo Alto LLC v. Apotex, Inc., 526 F. Supp. 2d 985, 999 (N.D. Cal. 2007) (citing Fed'd Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981); Chicot Cnty. Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 374-75, 60 S. Ct. 317, 84 L. Ed. 329 (1940); Clifton v. Atty. Gen. of State of Cal., 997 F.2d 660, 663 (9th Cir. 1993); Gov't of Guam v. Cruz, 869 F.2d 1326, 1327 (9th Cir. 1989)).[4] The change in law does not allow Plaintiff to re-litigate claims from the Prior Action.

### B. Second and Tenth Claims: Statutes of Limitations

The second and tenth claims are barred by the statutes of limitations. The second claim for negligence and tenth claim for fraud both arise from the failure of Homecomings to assign the DOT to the 2006-Q08 Trust by September 18, 2006. (FAC ¶¶ 111, 155.) Plaintiff argues that, as a result of this failure, Nationstar has no valid interests under the DOT. (See id.). A claim for negligence is controlled by a two-year statute of limitations. Cal. Code Civ. Proc. § 335. A claim for fraud is covered by a three-year statute of limitations. Cal. Code Civ. Proc. § 338(d). The filing period begins to run when Plaintiff has "a reasonable way of detecting the breach." Freeman Invs., L.P. v. Pac. Life Ins. Co., 704 F.3d 1110, 1116 (9th Cir. 2013). Plaintiff filed his Complaint on February 24, 2015. (Compl., Dkt. No. 1, Ex. A.). His briefing does not address the time bar or explain why he could not have discovered the alleged wrongdoing earlier. The second claim expired in 2008, and the tenth claim expired in 2009.

---

[4] See also Roche Palo Alto, 526 F. Supp. 2d at 999 n.9 (N.D. Cal. 2007) (quoting Moore's Federal Practice § 131.12[3] (Matthew Bender 3d ed.)) ("The doctrine of claim preclusion is not concerned with whether a prior judgment was right or wrong or whether subsequent changes in the law, the discovery of additional facts, or considerations of fairness should merit a different result in the subsequent litigation"); Mauro v. Fed. Exp. Corp., No. CV 08-8526DSF(PJWx), 2009 WL 1905036, at *2 n.1 (C.D. Cal. June 18, 2009) ("Future developments in California law . . . do not affect the inquiry over whether [the prior action] and this suit arise out of the same transactional nucleus of facts.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

**C.     Third, Fourth, Tenth Claims: Absence of Standing**

The third, fourth, and tenth claims fail because Plaintiff is a non-party to the pooling and servicing agreement and therefore lacks standing to challenge the securitization of his loan or assignments of his DOT.  "[C]ourts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor a cause of action."  Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886, 899-90 (D. Haw. Feb. 23, 2011).  "[I]f [a defendant] had breached the [pooling and servicing agreement], then perhaps [the plaintiff] would have a claim against [the defendant].  But it is an unsupported leap of logic that would allow [the plaintiff] to use these breaches to challenge [the defendant's] right to initiate a judicial foreclosure."  Arabia v. BAC Home Loans Serv., L.P., 208 Cal. App. 4th 462 (2012).  "As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [a plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions."  Jenkins v. JPMorgan Chase Bank, N.A., 216 Cal. App. 4th 497, 515 (2013).

Plaintiff claims standing to challenge the allegedly fraudulent securitization of his loan based on Glaski v. Bank of Am., N.A., 218 Cal. App. 4th 1079 (2013).  In Glaski, the appeals court allowed the plaintiff to maintain such a claim where he "asserted that [a defendant's] signature was forged and the assignment [to a securitized trust] bearing that forgery was void."  Id. at 456-57.  Here, Plaintiff does not contend that the assignment is void ab initio due to forgery.  More importantly, the Ninth Circuit has twice rejected the Glaski holding.  See Hunt v. U.S. Bank N.A., 593 F. App'x 730, 731 (9th Cir. 2015) ("Under the majority rule in California, borrowers lack standing to challenge the authority of the foreclosing entity.  The contrary holding in Glaski has been widely rejected.") (citations omitted); In re Davies, 565 F. App'x 630, 633 (9th Cir. 2014) ("[T]he weight of authority holds that debtors . . . who are not parties to the pooling and servicing agreements . . . cannot challenge them.  We believe the California Supreme Court, if confronted with this issue, would so hold.") (citations omitted).  The third, fourth, and tenth claims fail because Plaintiff lacks standing.

**D.     Third, Fourth, and Tenth Claims: Insufficient Facts**

The third, fourth, and tenth claims fail because Plaintiff does not show that the assignments of his DOT were unlawful or prejudicial.  To challenge the assignment of a mortgage in the context of a non-judicial foreclosure, a plaintiff must allege that the assignee "did not receive a valid assignment of the debt in any manner."  Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 271-72 (2011) (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

"A recorded assignment of note and deed of trust vests in the assignee all of the rights, interests of the beneficiary including authority to exercise any power of sale given the beneficiary." Strike v. Trans-West Disc. Corp., 92 Cal. App. 3d 735, 744 (1979) (citations omitted). "[A] trustor who agreed under the terms of the deed of trust that MERS, as the lender's nominee, has the authority to exercise all of the rights and interests of the lender." Siliga v. Mortg. Elec. Registration Sys., Inc., 219 Cal. App. 4th 75, 83-84 (2013). The Complaint and RJN are devoid of facts to show that the assignments were illegal. The DOT provided that it could "be sold one or more times without prior notice to [Plaintiff]." (FAC, Ex. A, ¶ 26.) Both the assignment by MERS to Aurora and the assignment by Aurora to Nationstar were executed and recorded. (RJN, Ex. 6; RJN, Ex. 7.)

Assuming that Plaintiff could allege facts showing that the assignment of the DOT was void, "under Fontenot, [he] must also show [that he was] prejudiced." Herrera v. Fed. Nat'l Mortg. Ass'n, 205 Cal. App. 4th 1495, 1507 (2012). Where Plaintiff "do[es] not dispute that [he is] in default," "[t]he assignment . . . d[oes] not change [his] obligations," and "there is no reason to believe that . . . the original lender would have refrained from foreclosure in these circumstances," he "fail[s] to allege any facts showing that [he] suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process." Siliga, 219 Cal. App. 4th at 85. "If MERS lacked authority to assign the DOT and note to [the initial transferee] and, in turn, [the intial transferee] lacked authority to assign the DOT and note to [the subsequent transferee], the true victim[] [was] not [Plaintiff] but the lender." Herrera, 205 Cal. App. 4th at 1508 (citing Fontenot, 198 Cal. App. 4th at 272). Here, Plaintiff is admittedly in default, his obligations remain identical, and there is no indication that Aurora would have decided against foreclosure where Plaintiff did not furnish the lender with the documents it requested to support his request for a modification. (See Yap Decl., Mot., Ex. A, at 1.) The third, fourth, and tenth claims fail because Plaintiff supplies no facts to suggest that the assignments of his DOT were unlawful or prejudicial.

### E.  First Claim: Contrary Facts

Plaintiff's first claim fails because matters subject to judicial notice demonstrate that Nationstar did not run afoul of the Homeowner Bill of Rights. First, Plaintiff does not show that Nationstar violated Cal. Civ. Code § 2923.55(b)(2) by failing to contact him in person or by telephone at least 30 days prior to filing a notice of default "in order to assess [his] financial situation and explore options for [him] to avoid foreclosure." Section 2923.55(b)(2) only "contemplates contact and some analysis of the borrower's financial situation." Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 877

**MEMORANDUM**

(N.D. Cal. 2010). Plaintiff admits that he communicated with Nationstar about his request for a modification. (FAC ¶¶ 70-71.) Although Nationstar denied the request on June 13, 2013 (Yap Decl., Mot., Ex. A, at 1), it did not record the Notices of Default and Trustee's Sale until September 26, 2014 and January 5, 2015. (RJN, Ex. 8; RJN, Ex. 9). Therefore, it conformed with § 2923.55(b)(2).

Likewise, Plaintiff does not show that Nationstar "dual-tracked" his request for a modification. Under Cal. Civ. Code §§ 2923.6(c) and (e), a mortgage servicer cannot record notices of default or sale while an application for a modification is pending; instead, it must wait until 31 days after it notifies the borrower in writing that the application has been denied. "This provision is only triggered . . . if the borrower has submitted 'a complete application for a first loan modification.'" Greene v. Wells Fargo Bank, N.A., No. C 15-00048 JSW, 2015 WL 972991, at *2 (N.D. Cal. Mar. 3, 2015). Nationstar recorded Notices of Default and Trustee's Sale more than one year after sending a letter informing Plaintiff of the denial. Further, Plaintiff does not dispute Nationstar's statement that it denied his request because he failed to supply the documents it requested. (Yap Decl., Mot., Ex. A, at 1; RJN, Ex. 8; RJN, Ex. 9.). Thus, it complied with §§ 2923.6(c) and (e).

Finally, Plaintiff does not show that Nationstar rejected his request for a single point of contact to discuss his application for a modification. Cal. Civ. Code § 2923.7(a) provides that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." "This provision is only triggered if the borrower has both requested a foreclosure prevention alternative, and has requested that a single point of contact be provided." Greene, 2015 WL 972991, at *3. Plaintiff does not allege that he asked Nationstar to designate a single point of contact. Therefore, he fails to state a claim under § 2923.7.

### F.    Second Claim: No Duty of Care

The second claim for negligence fails because Plaintiff cannot show that Nationstar owed him a duty of care. "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089 (1991). "However, as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Id. at 1096. Plaintiff has not alleged facts showing that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Nationstar's involvement exceeded the role of a typical loan servicer. His responsive briefing does not address the negligence claim's deficiencies. Thus, he has not shown that Nationstar owed him a duty of care.

**G.     Third Claim: Valid Express Contract**

The third claim for quasi-contract fails because the parties had an explicit contract foreclosing the existence of any implied contract to return Plaintiff's earlier mortgage payments. "[A] quasi-contract action for unjust enrichment does not lie where . . . express binding agreements exist and define the parties' rights." Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc., 94 Cal. App. 4th 151, 172 (2001). The express DOT precludes an unjust enrichment award under an implied contract theory.

**H.     Fourth Claim: Common Interest Privilege**

The fourth claim for slander of title fails because Nationstar's foreclosure documents are privileged. Cal. Civ. Code § 2924 "deems the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified common interest privilege of [Cal. Civ. Code § 47(c)(1)]," which applies to communications made "without malice, to a person interested therein, . . . by one who is also interested." Kachlon v. Markowitz, 168 Cal. App. 4th 316, 333 (2008). "Malice" means that "the publication was motivated by hatred or ill will towards the plaintiff" or that "the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." Id. at 336 (citations omitted). Plaintiff cannot establish malice because he admits that he is in default on his loan. (FAC ¶ 71.)

**I.     Fifth Claim: Insufficient Facts**

The fifth claim for cancellation of instrument fails because Plaintiff does not show that the foreclosure documents were void or voidable. "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. Plaintiff has alleged no facts to suggest that the foreclosure documents were void or voidable. He argues only that, "due to the sale of [his] mortgage to the[Q08] Trust, none of the Defendants is a real party in interest having the power of sale or the authority to collect mortgage payments from Plaintiff." Opp. at 21. Even if this statement were true, it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

would not amount to a showing that the foreclosure documents are void or voidable.

**J.     Seventh Claim: No Debt Collection Activity**

The seventh claim fails because the FDCPA does not apply.  "To be held liable for violation of the FDCPA, a defendant must – as a threshold requirement – fall within the Act's definition of 'debt collector.'"  Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008) (internal citations omitted).  A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692(a)(6).  Although Plaintiff asserts that Nationstar's "conduct is part of a fraudulent debt collection scheme" (FAC ¶ 57), he does not allege that Nationstar is a debt collector.  Moreover, "foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."  Izenberg, 589 F. Supp. 2d at 1199 (internal citations omitted).  Plaintiff's responsive briefing does not address the seventh claim's defects.  He fails to show that the FDCPA applies.

**K.     Eighth Claim: Absence of Standing**

The eighth claim for violation of the Unfair Competition Law fails because Plaintiff has not shown that Nationstar caused his injuries.  UCL standing requires a showing that plaintiff suffered "a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury," that "was the result of, i.e., caused by, the unfair business practice."  Junod v. Mortg. Elec. Registration Sys, Inc.., 584 F. App'x 465, 468-69 (9th Cir. 2014) (emphasis in original) (internal citations omitted).  Defendant persuasively alleges that Plaintiff has not suffered injury because he is delinquent on his loan, the property has not been sold, and he remains in residence without making payments.  (Mot. at 22-23.)  Nevertheless, "some California district courts have held that the initiation of foreclosure proceedings sufficiently jeopardizes a plaintiff's property interest to satisfy the standing requirement."  Saber v. JPMorgan Chase Bank, N.A., No. SACV 13-00812-DOC (JCGx), 2014 WL 255700, at *4 (C.D. Cal. Jan. 23, 2014).

Assuming Plaintiff suffered an injury in fact, "[a] plaintiff fails to satisfy the causation prong of the statute if he . . . would have suffered the same harm whether or not a defendant complied with the law."  Junod, 584 F. App'x at 469 (internal citations omitted).  The UCL claim alleges that because the securitization and assignments of his loan were invalid, Nationstar did not have the authority to act on his DOT by commencing foreclosure proceedings.  Plaintiff has not demonstrated that he faces

**MEMORANDUM**

foreclosure because of Nationstar's UCL violation, rather than because he did not make the payments. See id. at 469 ("The flaw in this [UCL] claim is that while the loss of a home to foreclosure is most likely an injury in fact, causation has not been demonstrated. The Junods' default triggered the foreclosure of their home, not the manner in which their Note and Deed of Trust were transferred to the CSMC Trust."). Thus, Plaintiff has not established his standing to sue under the UCL.

### L.     Ninth Claim: No Actionable Claims

The ninth claim for an accounting fails because the request is not based on actionable claims. "An accounting may take the form of a legal remedy or an equitable claim." Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1043 (2009). In either case, the request for an accounting "must be tethered to relevant actionable claims." Id. To support the request in equity, a plaintiff must ordinarily "demonstrate a fiduciary relationship between [him] and the defendant" and "refer to a sum owed to [him] by the defendant." Id. Plaintiff bases his request on allegations that because the securitization and assignments of his DOT were invalid, Nationstar had no right to his mortgage payments. As discussed above, these allegations do not support a cause of action. Thus, Plaintiff has not alleged facts linking his request to an actionable claim.

### M.     Leave to Amend

Plaintiff does not merit leave to amend because such an opportunity would be futile. "Normally, when a viable case may be pled, a district court should freely grant leave to amend." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011). However, courts need not grant leave to amend if it would be futile to do so. Id. Plaintiff's claims fail for numerous reasons aside from his failure to plead sufficient facts. Therefore, leave to amend would be futile.

## IV.  CONCLUSION

For the reasons discussed above, Nationstar's Motion to Dismiss is GRANTED. The claims against Nationstar are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.